J-S60044-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH DANIEL MILLER | |
| Appellant | No. 684 MDA 2014 |

Appeal from the Judgment of Sentence March 18, 2014
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000594-2013

BEFORE: OTT, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED DECEMBER 02, 2014**

In this direct appeal, Joseph Miller argues that the evidence was insufficient to sustain his conviction for defrauding a secured creditor[1], because there was no evidence that he acted intentionally, the *mens rea* for this offense. After careful review, we affirm.

The trial court accurately summarized the evidence adduced during Miller's bench trial as follows:

> [Miller]'s conviction stems from a civil judgment entered against him which was referred to the Adams County Sheriff's Office for collection. On November 15, 2012, Deputy Angel Garcia and Deputy Eddie Minor went to [Miller]'s residence at 1865 Hilltown Road, Biglerville, Pennsylvania in Adams County to serve [Miller] with paperwork notifying him of the writ of execution on judgment

---

[1] 18 Pa.C.S. § 4110.

and to levy [Miller]'s personal property. N.T. 6:7-17. When the deputies arrived, they saw a vehicle in the driveway, but were unable to contact any individuals at the residence. N.T. 7:3-16. One of the deputies then called County Control to verify ownership of the vehicle parked in the driveway. N.T. 8:5-9. The search revealed that the vehicle, a Ford Bronco, was registered to [Miller]. N.T. 8:14. Deputy Minor filled out a document which listed the property on which the levy had been placed—the Ford Bronco—along with other information notifying [Miller] of the levy and the sheriff's sale of the property. N.T. 8:19-25; 9:1-7; 10:10-15. The document also specifically states that all items will be sold subject to any liens and encumbrances. N.T. 10:7-8; Com. Ex. 1. At the bottom, the document includes the text of section 4110 of the Pennsylvania Crimes Code, which sets forth the elements and penalties associated with the crime of defrauding secured creditors. Com. Ex. 1. Before leaving the residence, the deputies left the document and a note stating that [Miller] should contact the sheriff's office. N.T. 10:16-19.

On December 15, 2014, Deputies Garcia and Minor returned to [Miller]'s residence for the purpose of serving the writ of execution on [Miller]. N.T. 11:10-22. When the deputies knocked on the door to [Miller]'s home, [Miller]'s son answered and agreed to accept the paperwork on behalf of his father. N.T. 11:23-25; 12:1-11. Subsequently, Sergeant Jason Kirkner of the Adams County Sheriff's Office sent formal notice of the time, date, and place of the sheriff's sale to [Miller] via mail approximately thirty (30) days prior to the sale date. N.T. 21:5. On March 8, 2013, the date set for the sheriff's sale, Deputy Garcia and Sergeant Kirkner arrived at [Miller]'s residence around 8:45 a.m. for the sale scheduled to occur at 9 a.m. N.T. 14:5. Upon arriving, Deputy Garcia and Sergeant Kirkner noticed that there were no vehicles in [Miller]'s driveway. N.T. 13-15. After searching the property for the Ford Bronco and knocking on the front door of [Miller]'s residence, Deputy Garcia and Sergeant Kirkner found neither the vehicle nor any individuals on the property. N.T.

14:23-25; 15:1-11, Deputy Garcia and Sergeant Kirkner stayed at [Miller]'s property until approximately 9:10 or 9:15 a.m., at which point they left to go back to the sheriff's office. N.T. 24:5-17.

While en route, Sergeant Kirkner received a telephone call from [Miller]. N.T. 24:20-21. [Miller] asked Sergeant Kirkner why members of the sheriff's office were at his home. N.T. 25:4-5. Sergeant Kirkner responded that a sheriff's sale had been set for that date, but because the Ford Bronco was not at the residence, [Miller] was going to be charged with defrauding secured creditors. N.T. 25:5-6. [Miller] stated that he needed the vehicle for work. N.T. 25:5-6. Sergeant Kirkner further advised [Miller] that he would not charge [Miller] with defrauding secured creditors if [Miller] paid the judgment amount. N.T. 25:12-13. Despite his promise to pay the amount within one (1) to two (2) weeks, [Miller] failed to make payment. Sergeant Kirkner filed the instant defrauding secured creditors charge on May 5, 2013. N.T. 25:17-21.

Trial Court Opinion, pp. 1-3. The court found Miller guilty under section 4110 and sentenced him to 12 months' probation. Miller filed a timely notice of appeal, and both Miller and the trial court complied with Pa.R.A.P. 1925.

The lone issue in this appeal is Miller's challenge to the sufficiency of the evidence. Our standard of review for such challenges is well-settled:

[W]hether[,] viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth as the] verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the

- 3 -

> Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.

*Commonwealth v. Troy*, 832 A.2d 1089, 1092 (Pa.Super.2003) (citations omitted).

18 Pa.C.S. § 4110, entitled "Defrauding Secured Creditors," provides: "A person commits a misdemeanor of the second degree if he destroys, removes, conceals, encumbers, transfers or otherwise deals with property subject to a security interest or after levy has been made thereon with intent to hinder enforcement of such interest." Miller contends that the evidence was insufficient to establish the element of intent. We disagree.

"A person acts intentionally with respect to a material element of an offense when. . .if the element involves the nature of his conduct or a result thereof, it is his conscious object to engage in conduct of that nature or to cause such a result." 18 Pa.C.S. § 302(b)(1)(i). In this case, the evidence, construed in the light most favorable to the Commonwealth, establishes that Miller's "conscious object[ive]" was to conceal or transfer his Ford Bronco in a manner that hindered enforcement of the judgment creditor's secured interest. *Id*. As the trial court explained:

The Commonwealth presented evidence demonstrating that the sheriff's office had placed a levy on [Miller]'s Ford Bronco. Trial testimony also showed that [Miller] received notice of the levy and the date, time, and place set for the sheriff's sale. Deputy Garcia testified that he traveled to [Miller]'s residence on November 15, 2012 and left paperwork notifying [Miller] of the property which was to be exposed to public sale due to the levy placed on it. Deputy Garcia later went to [Miller]'s residence and left the writ of execution with [Miller]'s son. Sergeant Kirkner testified that, approximately thirty (30) days prior to the scheduled date of the sheriff's sale, he mailed notice of the sale to [Miller]. He also stated that notice of the sheriff's sale of [Miller]'s vehicle was posted publicly in the sheriff's office.

[Miller] admitted that he received notice of the sale and was aware of the consequences which would result if he interfered with the property on which a levy had been placed with the intent to hinder enforcement of the creditor's interest. [Miller] also admitted that he authorized his wife to take the Ford Bronco to work on the date scheduled for the sheriff's sale. Based on [Miller]'s admissions and the testimony of Deputy Garcia and Sergeant Kirkner, [Miller]'s intent to hinder enforcement of the security interest can be inferred.

Trial Court Opinion, p. 5.

Miller provides several arguments in support of his claim that he lacked the intent to hinder enforcement of the security interest. We agree with the trial court's analysis of these arguments:

[Miller] argues that, despite receiving notice of the sale to occur on that date, he did not believe that a sheriff's sale would take place because he did not see notice of the sale in the newspaper. Despite [Miller]'s belief that the sale could not go forward because the sheriff's office had not advertised the

sale in a newspaper, the sheriff's office fulfilled all the requirements required by law for the sale of levied property. Pennsylvania Rule of Civil Procedure Rule 3128 requires, inter alia, that the sheriff give notice of sale of personal property "at least six (6) days prior to sale by handbills posted at the sheriff's office, the place of sale and the place of levy, if different from the place of sale." Pa.R.C.P. 3128. Noticeably absent from the rules governing the sale of personal property is any requirement that the sale be advertised in a newspaper. Consequently, [Miller]'s contention that he did not believe that a sheriff's sale of his Ford Bronco was going to take place lacks merit.

[Miller] also claims that he did not believe that a sale of the Ford Bronco could go forward because it was owned by 30 West Auto. However, both the notice of the lien that [Miller] received on November 15, 2012 and the notice of the sheriff's sale that was sent to [Miller] approximately thirty (30) days prior to the date set for the sale explicitly stated: "All items are sold subject to any liens and encumbrances." Consequently, [Miller], who admitted receiving notice of the sheriff's sale, cannot argue that his subjective belief that a levy could not be placed on the Ford Bronco would prevent the sale from taking place. The lien on the Ford Bronco by 30 West Auto is not material to the issue of whether [Miller] acted to hinder the sheriff's sale by facilitating the removal of the vehicle with the knowledge that a sheriff's sale was to take place on the date in question, especially given the explicit language on the notices he received.

For these reasons, we hold that Miller's challenge to the sufficiency of the evidence is devoid of merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/2/2014</u>